[No. 15551.  Department Two.  January 28, 1920.]

## J. M. BOYD, *Respondent*, v. BART HEALY, *Appellant*.[1]

LIBEL AND SLANDER (3)—WORDS IMPUTING CRIME.  The intent to charge plaintiff with a crime, in stating that he "or his kids" stole certain articles, is shown by the further statement that defendant saw the articles in plaintiff's barn and intended to have him arrested; and pleading and proof to that effect sufficiently shows a slander.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 23, 1919, upon findings in favor of the plaintiff, in an action for slander, tried to the court.  Affirmed.

*Coleman & Fogarty,* for appellant.

*Wm. Sheller* and *G. F. Cook,* for respondent.

BRIDGES, J.—Respondent brought this action to recover damages of the appellant because of an alleged slander.  The complaint alleged that the appellant spoke of and concerning the respondent, to one M. H. Taplin, as follows: "Boyd, or his kids, stole 200 lbs. of logging chains and a bar of two-inch steel and a wagon jack and some other things from me.  I saw the bar of steel and the wagon jack in Boyd's barn and was waiting for the other things to show up before I had him arrested, but while I was waiting for the other things to show up, the bar of steel and wagon jack disappeared."  A demurrer to the complaint was overruled.  The case was tried to the court without a jury.  There was a judgment for respondent for $100, from which judgment this appeal is taken.

The appellant first contends that the complaint failed to state a cause of action and that his demurrer thereto should have been sustained.  His argument is

[1] Reported in 187 Pac. 342.

that the spoken words did not specifically or sufficiently point out respondent Boyd as being the one charged with the stealing. If the words "Boyd, or his kids, stole 200 lbs. of logging chains and a bar of two-inch steel and a wagon jack from me" had alone been used, then a somewhat different question would arise than that before us. But it is charged that the appellant saw the stolen articles in the respondent's barn and that he intended to have him arrested. It is plain, therefore, that the appellant, in using the words mentioned in the complaint, intended to and did charge the respondent with the theft, and consequently the trial court was correct in overruling the demurrer.

The appellant further contends that the testimony does not justify the judgment. The court found from the testimony that the appellant had spoken of and concerning the respondent practically the words recited in the complaint. Substantially the same argument is made against the sufficiency of the evidence as is made against the sufficiency of the complaint. What we have said concerning the sufficiency of the complaint is applicable to the sufficiency of the evidence. It is our opinion that it was amply sufficient.

Both appellant and respondent cite many cases involving charges against a class of people or against a family or several members of a family. We do not find it necessary to enter this branch of the discussion. We think there was amply sufficient said by the appellant to show that he specifically charged the respondent with theft.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and MOUNT, JJ., concur.